```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Allan Dunkle, Christopher Dove,
and Bobbi Wilson

       Plaintiffs,

   v.                                    Case No. 2:07-cv-1211
                                                                 JUDGE GRAHAM
State of Ohio and the Ohio
Department of Rehabilitation
and Correction,

       Defendants.


                           OPINION AND ORDER


   This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, and premised on the collection of overtime wages. Plaintiffs Allan Dunkle, Christopher Dove, and Bobbi Wilson allege that they are due overtime wages from their employment as "Agency Nurses" who provided healthcare services to incarcerated persons at correctional facilities owned and operated by Defendants, the State of Ohio and the Ohio Department of Rehabilitation and Correction (ODRC).

   This matter is before the court on the State's Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The State alleges that all Counts must be dismissed because they are barred by the principle of sovereign immunity of the State of Ohio and its agencies, as embodied in the Eleventh Amendment to the United

States Constitution. Plaintiffs argue that the State "waived" its immunity by paying full overtime to some nurses and not others, but this argument runs counter to basic Eleventh Amendment jurisprudence. Accordingly, Defendants' motion is granted, and Plaintiffs' case is dismissed.

I.    **FACTUAL BACKGROUND**

Plaintiffs are individuals who worked or are working for the ODRC providing nursing and healthcare services to incarcerated individuals at Ohio correctional facilities. They are sometimes referred to as "Agency Nurses." The complaint purports to assert a class action on behalf of all current and former Agency Nurses who are owed overtime wages.

The complaint defines Agency Nurses as those who are or were employed by privately owned and operated employment or staffing agencies and who were placed to work at the ODRC's facilities. The complaint alleges that under a standing arrangement between the Staffing Agencies and the ODRC, the Agency Nurses were required to bill all hours worked up to and including 40 through a single Staffing Agency. If an Agency Nurse worked overtime (above 40 hours) he or she was required to sign up with a second Staffing Agency and to bill any and all overtime hours through this forum. But, according to the complaint, Agency Nurses were paid only straight time when they billed through a second agency. Plaintiffs

thus contend that they were paid straight wages for overtime labor in violation of their rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

The FLSA requires an employer to compensate employees "at a rate not less than one and one-half times the regular rate" at which they are employed for every hour worked in excess of 40 in a given workweek. 29 U.S.C. § 207.

Plaintiffs pray for a declaration that their rights have been violated, awards of unpaid wages, liquidated damages, and attorney's fees and costs to "make them whole" and to "ensure that Defendants shall not subject them and future workers to such illegal conduct in the future." (Compl. ¶ 6).

Shortly after Plaintiffs filed their complaint, the State of Ohio and the ORDC moved to dismiss all counts as "barred by the principle of sovereign immunity of the State of Ohio and its agencies, as embodied in the Eleventh Amendment to the United States Constitution." (Defs.' Mot. Dismiss at 1).

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Fed.R.Civ.P.12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Prods. v. Sharon Steel Corp.,

3

705 F.2d 134, 155 (6th Cir. 1982).  A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief.  Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978).

Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  Scheuer, 416 U.S. at 236; Roth Steel Prods., 705 F.2d at 155.  A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.  Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997).  The court is not required to accept as true unwarranted legal conclusions or factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10 (6th Cir. 1987).  Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim.  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007); Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983).  Plaintiff must provide more

4

than labels and conclusions, or a formulaic recitation of the elements of a cause of action, Twombly, 127 S.Ct. at 1965, and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morgan, 829 F.2d at 12 (6th Cir. 1987)(the court is not required to accept as true unwarranted legal conclusions or factual inferences).

## III. DISCUSSION

### A. The Eleventh Amendment Principle of Sovereign Immunity

It is from this vantage that the court turns to the asserted roadblock to Plaintiffs' recovery. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. As the court in Taylor v. Virginia describes, "The proscriptions of the Eleventh Amendment have long been interpreted to prevent citizens from bringing suit against their own State in federal court, notwithstanding that the literal terms of the Amendment do not so provide." 951 F.Supp. 591, 593 (E.D. Va. 1996). See Atascadero v. Scanlon, 473 U.S. 234, 238(1985)(citing Hans v. Louisiana, 134 U.S. 1 (1890)).

The Supreme Court has carried this principle into the modern

era, explaining in Seminole Tribe of Florida v. Florida, "'we have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition ... which it confirms' ... first, that each State is a sovereign entity in our federal system; and second, that '[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" 517 U.S. 44, 54 (1996)(citations omitted).

Sovereign immunity is thus a very real bar, but it is not insurmountable. Modern Eleventh Amendment Immunity jurisprudence recognizes three instances in which the barrier may be lifted: (1) where the state has consented to suit; (2) where the Ex parte Young exception applies; and (3) where Congress has abrogated the state's immunity. See Nelson v. Miller, 170 F.3d 641, 646 (6th Cir. 1999); see also Kovacevich v. Kent State Univ., 224 F.3d 806 (6th Cir. 2000).

**B. Theory of the Parties**

Only the first exception is at issue in this case because, "Plaintiffs do not argue the Ex Parte Young exception or Congressional abrogation..." (Pls.' Surreply at 2).[1]

The Agency Nurses contend that the Defendants' motion should

---

[1] We do not consider whether the situation at hand constitutes "some sort of invidious discrimination" sufficient for abrogation because the Plaintiffs do not allege that the discrimination in this case is anything other than economic. See Wilson-Jones v. Caviness, 99 F.3d 203, 210 n.4 (6th Cir. 1996).

6

be denied because the State of Ohio and the ODRC have waived their sovereign immunity through the continued practice of employing private sector contract nurses and by previously paying some "the full amount of overtime pay owed them." (Pls.' Opp'n at 2). Nurses that fall into this later category were required to comply with identical agency and billing practices as the Plaintiffs but were paid overtime.

Additionally, Plaintiffs contend that the State of Ohio "consciously chose to retain private sector nurses, who are otherwise protected under the FLSA . . . whom defendants knew were afforded protection." (Pls.' Opp'n at 3). The combined effect of these practices, Plaintiffs reason, "serves as an express waiver of any Eleventh Amendment immunity." (Pls.' Opp'n at 4).

The State of Ohio acknowledges that a state may consent to waive its Eleventh Amendment immunity; but asserts, "...this usually occurs only by explicit language in state legislation." Wilson-Jones, 99 F.3d at 206 n.1 (6th Cir. 1996). Applying this test, the State reasons, "Plaintiffs have offered no evidence of the State's alleged express waiver of its sovereign immunity to FLSA actions in federal court." (Defs.' Reply at 2). The State's argument has merit.

**C. The State of Ohio Has Not Expressly Waived Its Immunity**

A state may waive its Eleventh Amendment immunity only by

making a "clear declaration" of its intent to do so. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999)(citing Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 54 (1944)). The state's consent to suit must be "unequivocally expressed" Pennhurst State Sch. and Hosp., 465 U.S. 89, 99 (1984)(citing Edelman v. Jordan, 415 U.S. 651, 673 (1974)), and demonstrated by either "the most express language" or "by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909).

Further, a state's waiver of sovereign immunity is not plenary. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst, 465 U.S. at 99 (1984) (emphasis in original). Not only must a state make an absolute expression of waiver of its immunity, but it must also indicate consent to suit in a specific forum: in this case a federal court.

It should now be clear that the "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985). Commentators have predicted that under the Supreme Court lexicon, "it is quite unlikely that very many (express waivers) will be found." E. Chemerinsky, Federal Jurisdiction, at 407 (2d ed. 1994).

8

In their initial Response to the State's Motion to Dismiss, Plaintiffs cited Parden v. Terminal Ry., 377 U.S. 184 (1965) for the proposition that a state may consent to suit by conduct. There "conduct" involved operating a railroad in an industry that Congress had regulated for twenty years.

This idea of a "constructive waiver," has been thoroughly discredited. As the Supreme Court noted in College Sav. Bank:

> We think that the constructive-waiver experiment of Parden was ill conceived, and see no merit in attempting to salvage any remnant of it....Parden broke sharply with prior cases, and is fundamentally incompatible with later ones. We have never applied the holding of Parden to another statute, and in fact have narrowed the case in every subsequent opinion in which it has been under consideration. In short, Parden stands as an anomaly in the jurisprudence of sovereign immunity, and indeed in the jurisprudence of constitutional law. Today, we drop the other shoe: Whatever may remain of our decision in Parden is *expressly overruled*.

527 U.S. at 680 (emphasis added). Thus the Supreme Court has rejected Plaintiffs' contention of constructive waiver.

We now turn to examining whether any of the justifications given by Plaintiffs satisfy the correct test of express waiver. The Agency Nurses claim that the State's continued employment of private healthcare providers (otherwise eligible under the FLSA) and the payment of overtime to other identically situated providers, represents "conduct" that "serves as an express waiver of any Eleventh Amendment immunity." (Pls.' Opp'n at 4).

This assertion is unavailing. Neither of these practices are "express," as that language is used in reference to a State's

9

waiver of sovereign immunity.  "A state can hardly manifest consent to suit by 'choosing' to perform an essential government function, such as policing.  Goebel v. Colorado, No. 93-K-1227, slip op. at 9-10 (D.Colo. June 25, 1996).  Nor can the state waive immunity merely by hiring and paying its employees.  Employment is something 'in which all states were involved long before the FLSA was enacted and (which) remains an essential function of state government.'" Digiore v. State of Ill., 962 F.Supp. 1064, 1075 (N.D. Ill. 1997) (citing Close v. New York, 1996 WL 481550, at 4 (N.D.N.Y. Aug 19, 1996)).

The Plaintiffs in this case fail to point to a statute or agreement that indicates the State of Ohio intended to waive its Eleventh Amendment rights and subject itself to suit under the FLSA by its own citizens in federal court.  The court cannot conceive, based on the factual allegations made in the complaint, how such conduct on the part of the state could be said to demonstrate an intent to waive immunity by "the most express language" or "overwhelming implications *from the text* as [will] leave no room for any other reasonable construction."  Murray,  213 U.S. at 171 (emphasis added).

Although Ohio has waived its sovereign immunity by statute with regard to certain state court actions brought in the Ohio Court of Claims, it has declined to do the same in federal court. See Mixon v. State of Ohio, 193 F.3d 389 (6th Cir. 1999).  Because

Plaintiffs have failed to show that Ohio has expressly waived its sovereign immunity to FLSA claims in federal court their claims are barred by the Eleventh Amendment.

**IV. CONCLUSION**

For the reasons stated above, Defendants' January 31, 2008 motion to dismiss (doc. 3) is GRANTED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: June 10, 2008